UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BRADY LAVICK ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00009-JPH-MJD |
| | ) | |
| B. PARKER Officer, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER TRANSFERRING CASE TO NORTHERN DISTRICT OF WEST VIRGINIA**

On April 9, 2026, the Court directed Plaintiff Brady Adams to show cause why this action should not be transferred to the Northern District of West Virginia. Dkt. 14. The Court observed that although Mr. Adams is currently incarcerated in this District, the claims he is bringing arose out of an incident or incidents at United States Penitentiary – Hazelton (USP – Hazelton), which is located in Northern District of West Virginia. *Id.* Mr. Adams has timely responded to that order. Dkt. 15. He requests that this case not be transferred to that District because he fears being re-housed at USP – Hazelton if this case proceeds to trial, which would run the risk of him being abused again by the named individual defendant and others at the prison, as alleged in his complaint. *Id.*

After considering Mr. Adams's response, the Court concludes that this matter should be transferred to the Northern District of West Virginia.[1] The

---

[1] The Court will assume for the sake of argument that it could have venue in this action under 28 U.S.C. § 1391(e)(1), under its venue provision for civil actions against a United States employee who was acting "under color of legal authority . . . ."

1

Court first notes that under 28 U.S.C. § 1404, it has authority to transfer a case to another district sua sponte. *See In re Ryze Claims Sols., LLC*, 968 F.3d 701, 706 n.5 (7th Cir. 2020). When deciding whether to transfer a case under § 1404 where no forum-selection clause is at issue, a court "must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62 (2013). The Supreme Court has further explained:

> Factors relating to the parties' private interests include relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. Public-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law. The Court must also give some weight to the plaintiffs' choice of forum.

*Id.* at n.6 (cleaned up) (quoting *Piper Aircraft Co. v. Renyo*, 454 U.S. 235, 241 n.6 (1981), and *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)).

Here, the only factor that might have "some weight" in favor of keeping this case in this District is Mr. Adams's choice of forum. The Court acknowledges Mr. Adams's discomfort with the possibility of having to return to USP – Hazelton. But, first, the prospect of a trial in this matter is remote and speculative at this point. The case will have to proceed through screening, the possibility of an exhaustion defense being raised under the Prison Litigation Reform Act,

2

discovery, and potential summary judgment motions before a trial would be held. Second, claims of unconstitutional mistreatment at the hands of prison officials are ones that are commonly made by inmates suing state or federal prison officials, and those inmates more often than not must remain at that prison while they pursue such claims. Third, if the case is eventually set for trial, Mr. Adams's safety concerns can be addressed if needed by the District Court for the Northern District of West Virginia.

All of the other private and public interest factors of which the Court is aware weigh in favor of transferring this case.[2] Except for Mr. Adams himself, all of the potential witnesses and evidence are located in the Northern District of West Virginia. It would be easier and more expeditious for Mr. Adams to return to West Virginia for trial than to have potential multiple witnesses travel here, not to mention it will be easier to procure attendance of witnesses and subpoena documents located in West Virginia by a West Virginia-based court. And as noted in the Court's order to show cause, Mr. Adams indicates he wants to pursue FTCA claims, which will require application of West Virginia state law, and the Northern District of West Virginia clearly is more "at home" with that body of law. Whatever occurred at USP – Hazelton is much more a matter of "local concern" to the Northern District of West Virginia than it is to this District.

Accordingly, the above action is now **TRANSFERRED** to the United States District Court for the Northern District of West Virginia. This Court has already

---

[2] The Court finds it unnecessary to research and compare caseload congestion between this District and the Northern District of West Virginia.

granted Mr. Adams's motion for leave to proceed *in forma pauperis* and Mr.

Adams has paid the full amount of the filing fee due. Dkt. 12.

**SO ORDERED.**

Date: 5/5/2026

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRADY LAVICK ADAMS
10193-017
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808